1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11

12

13

14

15

16

TIMOTHY CALNAN and LISA
CALNAN, husband and wife,

                    Plaintiffs,

          v.

USAA CASUALTY INSURANCE
COMPANY, a foreign insurance
company,

                    Defendant.

CASE NO. C14-5470 RJB

ORDER DENYING PLAINTIFFS'
MOTION TO REMAND TO
SUPERIOR COURT

17

18

19

20

This matter comes before the Court on Plaintiffs' Motion to Remand to Superior Court.

Dkt. 8.  The Court has considered the pleadings in support of and in opposition to the motion and

the record herein.

21

**INTRODUCTION AND BACKGROUND**

22

23

24

Plaintiffs commenced the above-entitled action in the Superior Court of the State of

Washington for Kitsap County, under Cause No. 14-2-00824-6.  Dkt. 1-1 at 8.  The Complaint

names as the sole defendant USAA Casualty Insurance Company (USAA), a foreign insurer and

ORDER DENYING PLAINTIFFS' MOTION TO
REMAND TO SUPERIOR COURT- 1

1   foreign corporation.  *Id.*  The Complaint seeks both personal injury protection (PIP) benefits and

2   underinsured motorist (UIM) benefits under an insurance policy issued by USAA and damages

3   for alleged negligence, bad faith, violation of the Washington Consumer Protection Act (CPA)

4   and the Washington  Insurance Fair Conduct Act (IFCA) in connection with defendant USAA

5   Casualty Insurance Company's handling of Plaintiffs' claims.  *Id.* at 16-22.  The Complaint further

6   requests an award of treble damages, attorneys' fees and litigation costs pursuant to the CPA and

7   IFCA.  The Complaint, however, does not state a specific dollar amount for the damages sought.

8   *Id.* at 21-22.

9           Defendant USAA timely removed the action to this Court pursuant to 28 U.S.C. §

10   1441(b) and 28 U.S.C. 1332(a)(1) on the basis of diversity of citizenship and the matter in

11   controversy exceeding $75,000, exclusive of interest and costs.  Dkt. 1.

12           Plaintiffs filed the instant motion for remand pursuant to 28 U.S.C. § 1447, asserting that

13   the amount in controversy for diversity jurisdiction has not been established.   Dkt. 8.  Plaintiffs

14   argue that the Complaint is silent as the amount of damages in controversy and a mere assertion,

15   without proof, by USAA that the amount exceeds the threshold of $75,000 is insufficient to

16   support jurisdiction.  *Id.*

17           In response, USAA has submitted declarations that include a demand package from

18   Plaintiffs demanding $100,000 in UIM benefits.  Dkts. 11 and 11-1.  Plaintiff's Complaint also

19   references the $100,000 UIM demand in the recitation of the background facts of the lawsuit.

20   Dkt. 1-1 at 14.  Upon receiving Plaintiffs' motion for remand, USAA sent correspondence to

21   Plaintiffs asking whether Plaintiff were, in fact, not seeking in excess of $75,000 in damages in

22   this lawsuit, including  all contractual and extra-contractual damages  of any kind and attorneys'

23   fees. Dkts. 12 and 12-1.  Plaintiffs did not respond to the inquiry.  *Id.*

24

ORDER DENYING PLAINTIFFS' MOTION TO
REMAND TO SUPERIOR COURT- 2

1
## STANDARDS GOVERNING MOTION FOR REMAND

2       The removal statute, 28 U.S.C. § 1441, provides that "any civil action brought in a State

3  court of which the district courts of the United States have original jurisdiction, may be removed

4  by the defendant or defendants, to the district court of the United States for any district ... where

5  such action is pending." 28 U.S.C. § 1441(a).  One instance in which the district courts of the

6  United States have "original jurisdiction" is where there is complete diversity between the parties

7  and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1).  The proper procedure

8  for challenging removal to federal court is a motion to remand.  A federal court must order

9  remand if there is any defect which causes federal jurisdiction to fail, or if there is any defect in

10  the removal procedure.  28 U.S.C. § 1447(c).  The removal statutes are construed restrictively,

11  and any doubts about removability are resolved in favor of remanding the case to state court.

12  *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).  On a motion to remand, the removing

13  defendant faces a strong presumption against removal, and bears the burden of establishing that

14  removal was proper by a preponderance of evidence.  *Id*. at 567; *Sanchez v. Monumental Life*

15  *Ins. Co.,* 102 F.3d 398, 403-04 (9th Cir. 1996).

16       The removing defendant bears the burden of establishing federal jurisdiction, including

17  any applicable amount in controversy requirement.  *Abrego Abrego v. The Dow Chemical Co.,*

18  443 F.3d 676, 682-83 (9th Cir.  2006).  The presumption against removal jurisdiction applies

19  with particular force to defendant's arguments that the complaint frames an amount in

20  controversy that exceeds the jurisdictional minimum.  *Gaus,* at 566; *Rodgers v. Central Locating*

21  *Service, Ltd*., 412 F. Supp.2d 1171, 1175 (W.D. Wash.  2006).  Where the complaint does not

22  specify the amount of damages sought, the removing defendant must prove by a preponderance

23  of the evidence that the amount in controversy meets the jurisdictional requirement.  *Abrego*

24

ORDER DENYING PLAINTIFFS' MOTION TO
REMAND TO SUPERIOR COURT- 3

1   *Abrego*, at 683; *Gaus,* at 566-67; *Sanchez v. Monumental Life Ins. Co*., 102 F.3d 398, 404 (9th

2   Cir. 1996).  Conclusory allegations by the defendant will not suffice to overcome the traditional

3   presumption against removal jurisdiction.  *Rodgers*, at 1178; *Singer v. State Farm Mut. Auto. Ins.*

4   *Co*., 116 F.3d 373, 375 (9th Cir. 1997).  Instead, the courts may look beyond pleadings and

5   consider other summary judgment type evidence relevant to the amount in controversy, tested as

6   of the time of removal.  *Kroske v. U.S. BankCorp.,* 432 F.3d 976, 980 (9th Cir. 2005); *Valdez v.*

7   *Allstate Ins. Co*., 372 F.3d 1115, 1117 (9th Cir. 2004).

8           The jurisdictional minimum may be satisfied by claims of general and specific damages,

9   attorney's fees, and by punitive damages.  *Kroske v. U.S. Bank Corp*., 432 F.3d 976, 980 (9th Cir.

10   2005); *Gibson v. Chrysler Corp*., 261 F.3d 927, 946 (9th Cir. 2001); *Galt v. Scandinavia*, 142

11   F.3d 1150, 1155-56 (9th Cir. 1998).  In breach of contract cases, the jurisdictional minimum may

12   be satisfied by all amounts for which defendant is allegedly liable, including attorney's fees and

13   exemplary damages.  See, e.g., *Kroske v. U.S. Bank Corp*., 432 F.3d 976, 980 (9th Cir. 2005).  In

14   cases that involve the applicability of an insurance policy to a particular occurrence, the

15   jurisdictional amount in controversy is measured by the value of the underlying claim.  *Budget*

16   *Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997).

17           USAA's  removal papers and supporting pleadings assert that the matter in controversy

18   exceeds $75,000.  It is not facially evident from the face of Plaintiffs' Complaint that the matter

19   in controversy exceeds $75,000.  The Complaint's request for relief seeks insurance coverage

20   benefits, damages for alleged negligence, bad faith, violation of the Washington Consumer

21   Protection Act (CPA) and the Washington Insurance Fair Conduct Act (IFCA), an award of

22   treble damages, attorneys' fees and litigation costs.

23

24

ORDER DENYING PLAINTIFFS' MOTION TO
REMAND TO SUPERIOR COURT- 4

1    In response to the motion to remand, USAA has produced evidence establishing that

2  Plaintiffs have made a demand for $100,000 in UIM benefits.  This demand letter from Plaintiffs'

3  counsel is summary judgment type evidence relevant to assessing the amount in controversy.

4  See *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 (9th Cir. 2002); *Singer v. State Farm Mut. Ins.*

5  *Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Babasa v. LensCrafters, Inc.,* 498 F.3d 972, 974-75 (9th

6  Cir. 2007); *Arellano v. Home Depot U.S.A., Inc.*, 245 F.Supp.2d 1102, 1108 (S.D. Cal. 2003);

7  *Del Real v. Healthsouth Corp.*, 171 F.Supp.2d 1041, 1043 (D. Ariz. 2001).

8    Plaintiffs have not attempted to refute this evidence.  In fact, Plaintiffs have declined to

9  stipulate that their damages were less than the $75,000 jurisdictional limit.  To prevent removal a

10  plaintiff may stipulate to damages not exceeding the $75,000 jurisdictional limit.  *Oshana v.*

11  *Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006); *Del Real v. Healthsouth Corp.*, 171

12  F.Supp.2d 1041, 1043 (D. Ariz. 2001).  Here, Plaintiffs have declined to do so.

13    The demand letter describing the injuries and amount of damages, and the request for

14  $100,000 in UIM benefits, establishes by a preponderance of the evidence that the amount in

15  controversy exceeds $75,000.   Plaintiffs are not entitled to remand for failure to establish the

16  requisite jurisdictional amount.

17                                    **ATTORNEY'S FEES**

18    Plaintiffs seek an award of attorney's fees pursuant to 28 U.S.C. 1447(c).  Dkt. 8 at 4.

19  Following remand of a case upon unsuccessful removal, the district court may, in its discretion,

20  award attorney's fees "incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual

21  circumstances, courts may award attorney's fees under § 1447(c) only where the removing party

22  lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively

23

24

ORDER DENYING PLAINTIFFS' MOTION TO
REMAND TO SUPERIOR COURT- 5

1 | reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132,

2 | 141 (2005).

3 | Here, USAA was successful in removal and Plaintiffs are not entitled to fees.  Plaintiffs'

4 | request for an award of fees, costs and expenses pursuant to 28 U.S.C. 1447(c) should be denied.

5 | **CONCLUSION**

6 | For the foregoing reasons, Defendant USAA has established removal jurisdiction.

7 | Therefore, it is hereby **ORDERED**:

8 | Plaintiffs' Motion for Remand to Superior Court (Dkt. 8) is **DENIED**.

9 | The request for costs, expenses and attorney's fees (Dkt. 8) is **DENIED.**

10 | Dated this 4th day of August, 2014.

11

12

13 | ROBERT J. BRYAN
United States District Judge

14

15

16

17

18

19

20

21

22

23

24

ORDER DENYING PLAINTIFFS' MOTION TO
REMAND TO SUPERIOR COURT- 6